# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH STANLEY YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1596 HEA |
| | ) | |
| ST. LOUIS COMMUNITY RELEASE CENTER, | ) ) | |
| | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner has filed a petition for writ of mandamus under 28 U.S.C. § 1651. Petitioner, a prisoner at Algoa Correctional Center, alleges that he was denied parole without due process. Petitioner seeks an order expunging his parole record so that he can be placed on parole. The petition is denied.

Petitioner also seeks leave to proceed in forma pauperis. Plaintiff's financial information demonstrates that he cannot afford to pay the filing fee, and the motion will therefore be granted. Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an action filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Petitioner alleges he was denied release from the St. Louis Community Release Center ("SLCRC"), a low security correctional facility, because of a parole violation issued on November 20, 2010. He was given a violation after testing positive for drug use. Petitioner claims that he was not present when the violation was written and that he was not allowed to confront his accuser. He alleges that the violation did not comport with Missouri Department of Corrections policy. He further alleges that he was denied procedural due process at the hearing

because he was not allowed to present witnesses or documentary evidence. He seeks an order directing the SLCRC to expunge his parole record.

Three conditions must be satisfied before a writ of mandamus under § 1651 may issue: first, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires; second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable; third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. Cheney v. U.S. Dist. Court for Dist. Of Columbia, 542 U.S. 367, 380-81 (2004). Where "habeas is an available and potentially efficacious remedy, mandamus will not appropriately lie." E.g., Chatman-Bey v. Thornburgh, 864 F.2d 804, 806 (D.C. Cir. 1988).

Because petitioner is ultimately challenging the validity of his continued confinement, his only relief in this Court is through a petition for writ of habeas corpus. 28 U.S.C. § 2254(a). As a result, mandamus is not an appropriate remedy.

Moreover, a petitioner challenging a parole board decision must first exhaust available state remedies. Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner does not allege that he has pursued any of these available remedies.

Finally, Aan inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes ≻create no liberty interest= under state law in the parole board=s discretionary decisions.@ Adams v Agniel, 405 F.3d 643, 645 (8th Cir. 2005) (citing Greenholtz

2

v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 9-11, (1979)). Therefore, petitioner has not shown that his right to the issuance of the writ is clear and indisputable.

For each of these reasons, the petition is denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for service of summons [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus under 28 U.S.C. § 1651 is **DENIED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 3rd day of November, 2014.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE