UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH STANLEY YOUNG, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14CV1596 HEA |
| ST. LOUIS COMMUNITY RELEASE CENTER, | ) | |
| Respondent, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on petitioner's motion to alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. The motion is denied.

Petitioner sought a writ of mandamus directing the St. Louis Community Release Center (SLCRC) to expunge his institutional disciplinary record so that he could be released from confinement. The Court denied the petition, finding that mandamus was not an appropriate form of relief. Petitioner argues that the Court misconstrued the arguments and misstated the facts raised in the petition. Petitioner contends that he "had a clear legal right" to be released from confinement because he had a conditional release date before he arrived at SLCRC. And petitioner argues that the federal case law cited by the Court does not apply because he is entitled to release under state law.

Rule 59(e) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." C.f. Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008) (analyzing motion for relief under Rule 60(b)).

The All Writs Act allows the courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . ." 28 U.S.C. § 1651(a). "'[T]he All Writs Act is a residual

source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Mayer, 235 U.S. 55, 67-68 (1914)). In this case, the Court found that the appropriate means for petitioner to challenge his confinement was through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

To the extent that petitioner is challenging something other than the validity of his current confinement, the Court finds no reason to grant the writ. Petitioner has not stated a basis for the Court's jurisdiction, and petitioner has not shown that his right to issuance of the writ is clear and indisputable. See Cheney v. U.S. Dist. Court for Dist. Of Columbia, 542 U.S. 367, 380-81 (2004) (requirements for granting writ). As a result, petitioner's motion for relief from judgment is denied with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief from judgment [ECF No. 12] is **DENIED** with prejudice.

Dated this 17th day of November, 2014.

_____
 HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE